GROSSMONT HOSPITAL CORP., Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary, Department of Health and Human Services, Defendant.

Civ. A. No. 92–1104.

United States District Court, District of Columbia.

March 31, 1993.

Louis Sullivan, Glenn W. Kendall, Dept. of Health & Human Services, Baltimore, MD, for defendant.

Grossmont Hosp., David T. Smorodin, W. David Allen, Eaton, McClellan & Allen, Washington, DC, for plaintiff.

## MEMORANDUM

JUNE L. GREEN, District Judge.

In this action, plaintiff Grossmont Hospital Corporation (Grossmont) has asked the Court to overturn the Secretary's decision to deny Grossmont certain Medicare reimbursements claimed under the Medicare Act, 42 U.S.C. § 1395ww. Judicial review of the decision is established under 42 U.S.C. § 1395oo(f). The case is now before the Court on cross-motions for summary judgment, which have been fully briefed. The undisputed facts are set forth below.

### I. Factual Background

Grossmont is an acute care hospital in La Mesa, California, certified by the federal government to provide hospital services to Medicare recipients. Pursuant to the Medicare Act, 42 U.S.C. § 1395ww, the federal government reimburses Grossmont and other hospitals for certain costs and services provided to recipients. There are two methods of reimbursement relevant to this case. Under the Prospective Payment System (PPS), hospitals are reimbursed according to a fixed-cost scheme that takes into account the number of Medicare recipients treated and the classification of services provided to those patients. *Id.* The hospitals' operating costs are factored in to this equation. 42 U.S.C. § 1395ww(a)(1)–(4). Capital-related costs,

such as certain taxes, leases, and costs of improvements, are not reimbursed under the fixed-cost scheme, but on a reasonable cost basis. 42 U.S.C. § 1395ww(a)(4); 42 C.F.R. § 413.130(a). The issue here is whether Grossmont's "abandoned planning costs," described below, are non-capital-related for reimbursement purposes.

In June of 1983, Grossmont initiated plans for an expansion project that would have added two new services and expanded existing ones. The cost of the project was estimated at $58,373,000. By June of 1986, Grossmont had incurred $2,559,378 in architectural fees and other planning costs. At that time, Grossmont's Board of Directors decided to abandon the project. Grossmont listed the $2,559,378 in abandoned planning costs as capital-related costs in its 1986 Medicare Cost Report, effectively requesting reimbursement under the reasonable-cost method.

Aetna Life and Casualty Co., the fiscal intermediary responsible for auditing Grossmont's cost reports and determining the amount of Medicare reimbursement due to Grossmont, found that the abandoned planning costs should not be classified as capital-related and reclassified them accordingly as operational. Grossmont appealed Aetna's decision to the Provider Reimbursement Review Board responsible for reviewing such decisions, *see* 42 U.S.C. § 1395oo. The Board agreed with Grossmont that abandoned planning costs are capital-related and found that they should be reimbursed on a reasonable cost basis. Admin. Record (AR) at 23–36. The Secretary's Health Care Finance Administrator reversed that decision and held that Grossmont's abandoned planning costs should be treated as operating costs rather than capital-related costs. AR at 1–11. The Administrator's decision is the final decision of the Secretary, which Grossmont now challenges.

## II. Standard of Review

■ The Medicare Act provides for judicial review of the Secretary's decision to reverse the Provider Reimbursement Review Board. 42 U.S.C. § 1395oo (f)(1). The Administrative Procedure · Act, 5 U.S.C. § 706(2), supplies the applicable standard of review. *Memorial Hosp./Adair County Health Ctr. v. Bowen*, 829 F.2d 111, 116 (D.C.Cir.1987). The standard of review is a narrow one. An agency decision should only be overturned if unsupported by the evidence in the record, 5 U.S.C. § 706(2)(E), or if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). The Court must consider whether the agency's decision is based on relevant factors, but "is not empowered to substitute its judgment for that of the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136.

## III. Analysis

Grossmont presents a number of arguments in support of its claim. First, Grossmont argues that abandoned planning costs are capital-related within the plain meaning of that term. Second, Grossmont interprets the regulations to define abandoned planning costs as capital-related. Third, Grossmont asserts that the Secretary's decision would force an arbitrary distinction between costs incurred on projects that are not completed, as here, and costs spent on finished projects, which would be considered capital-related. Grossmont finally argues that if the regulations are read to classify abandoned planning costs as non-capital-related, the regulations should be struck down as inconsistent with the Medicare Act. The Secretary disagrees with each of these contentions.[1]

### A. The Meaning of Capital–Related Under the Regulations

■ The regulations provide a definition of capital-related in 42 C.F.R. § 413.130(a) and list expenses that are not considered capital-related in 42 C.F.R. § 413.130(i). Neither section on its face conclusively establishes whether abandoned planning costs are capital-related. The definition states, in relevant part:

---

1. Both parties refer also to the Generally Accepted Accounting Principles to support their arguments. These principles do not illuminate either position and are therefore not particularly relevant to the dispute.

Capital-related costs and an allowance for return on equity are limited to the following:

(1) Net depreciation expense as determined under [regulations relating to buildings and equipment and other assets], adjusted by gains and losses realized from the disposal of depreciable assets under § 413.134(f) [regulation describing methods of disposal].

(2) Taxes on land or depreciable assets used for patient care.

(3) Leases and rentals, including license and royalty fees, for the use of depreciable assets or land, as described in paragraph (b) of this section.

(4) The costs of betterments and improvements as described in paragraph (c) of this section.

.     .     .     .     .

42 C.F.R. § 413.130(a). The regulation continues to list other capital-related costs, such as capitalized costs of minor equipment, certain insurance and interest expenses, and debt costs.

That regulation must be read together with Section 413.130(i), which begins by stating "The following costs are not capital-related costs," and proceeds to list repair and maintenance costs, certain interest and insurance expenses, and expensed costs for minor equipment, among other items. Abandoned planning costs are not excluded by this section.

The defendant notes that the regulation describing capital-related costs uses exclusive language, limiting capital-related costs to the given list. The list of non-capital-related costs, on the other hand, is not exclusive. This language clearly signals that reimbursement of capital-related costs should not extend beyond the list. Although Grossmont argues that abandoned planning costs are more similar to the kinds of costs listed as capital-related than to the operational costs clearly excluded by the regulations, this alleged similarity is immaterial. Because of the exclusive language of Section 413.130(a), abandoned planning costs must fall within the given definition in order to be considered capital-related. Neither Grossmont's inter-

pretation of the plain meaning of the term capital-related nor the alleged similarity between abandoned planning costs and the listed capital-related costs is sufficiently persuasive to overcome literal application of the regulation. The Court must apply the clear definition set forth in the regulation.

Grossmont argues that abandoned planning costs are included in the list as "[n]et depreciation expense ... adjusted by gains and losses realized from the disposal of depreciable assets ..." 42 C.F.R. § 413.130(a)(1). Grossmont recorded the planning costs as capital costs and intended to begin depreciating the costs upon completion of the project. If the project had been completed and then abandoned, its abandonment would be considered the "disposal of depreciable assets" and the loss would qualify as capital-related for purposes of reimbursement. Grossmont asserts that there should be no distinction between completed and unfinished projects, and therefore that the abandoned planning costs are capital-related.

The defendant argues that because the project was never completed, there was no depreciable asset. The planning costs never materialized into a disposable asset. Accordingly, there was no disposal within the meaning of section 413.130(a)(1). The abandoned planning costs therefore do not meet the definition in section 413.130(a)(1).

This reading of the regulation is a logical one. The abandoned planning costs were lost, as they would have been if applied to a project that was completed and then abandoned, but they were never part of a depreciable asset. The defendant's decision that Grossmont's abandoned planning costs do not meet the regulatory definition is therefore reasonable.

**B. Defendant's Decision is Consistent with the Medicare Act**

Grossmont argues that a reading of the regulations to exclude abandoned planning costs from the definition of capital-related is inconsistent with the Medicare Act. Grossmont's strongest contention here is that if Congress intended to reimburse capital-related project costs under the PPS, then it

**4**

is illogical to exclude abandoned planning costs simply because the project was never completed. Yet as defendant points out, completed projects provide services to Medicare patients and therefore are of value to the Medicare program, while abandoned projects never contribute any such value. By rewarding completed projects with greater reimbursement than uncompleted projects receive, defendant's reimbursement scheme provides an incentive for hospitals to invest only in projects that are likely to be completed and therefore to contribute services to the Medicare program.[2] The distinction between completed and unfinished projects is not merely rational, but economically advisable.

### C. *Relevant Judicial Decisions*

Defendant's conclusion that Grossmont's abandoned planning costs are not capital-related is consistent with the decisions of the two other courts to consider this issue. In *Mary Hitchcock Memorial Hosp. v. Secretary of Health & Human Servs.*, No. 91–666 (D.N.H. Nov. 30, 1992), the Court upheld the Secretary's finding that the hospital's planning costs for a renovation project that was later abandoned were not capital-related costs within the meaning of section 413.-130(a). Similarly, in *Methodist Hosp. v. Sullivan*, No. S–89–0634, 1990 WL 85942 (E.D.Cal. Feb. 27, 1990), the Court rejected plaintiff's challenge to the Secretary's decision that abandoned planning costs for a proposed expansion project were not capital-related. These decisions further support defendant's position that abandoned planning costs do not meet the regulatory definition of capital-related costs and therefore do not qualify for the method of reimbursement plaintiff seeks.

### IV. Conclusion

For these reasons, the Secretary's decision shall stand. Defendant's motion for summary judgment is granted and plaintiff's motion is denied. An appropriate Order accompanies this Memorandum.

---

**2.** Grossmont argues that this incentive goes too far, encouraging hospitals to complete projects even after determining that they are not economically viable. Medicare reimbursement of these costs is only partial, however, even under the

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied; and it is further

ORDERED that defendant's motion for summary judgment is granted. The Clerk of Court shall enter judgment for defendant.

### JUDGMENT

Pursuant to the Court's Memorandum and Order entered this day granting defendant's Motion for Summary Judgment,

IT IS ORDERED AND ADJUDGED

That judgment is entered for defendant.

reasonable cost method, so hospitals would have to absorb most of any losses. Medicare funds are not significant enough relative to project costs to promote such unproductive spending.